


Todd M. Friedman (216752)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLI MACE, | Case No. C10-04399 |
| Plaintiff, | COMPLAINT FOR VIOLATION OF FEDERAL FAIR DEBT COLLECTION PRACTICES ACT AND ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT |
| vs. | |
| GC SERVICES, LIMITED PARTNERSHIP, | |
| Defendant. | |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

Complaint - 1

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k (d).

## III. PARTIES

3. Plaintiff, Kelli Mace ("Plaintiff"), is a natural person residing in Contra Costa county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4. At all relevant times herein, Defendant, GC Services, Limited Partnership ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## IV. FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6. Defendant contacted Plaintiff at times and places that were known or should have been known to be inconvenient, including but not limited to, calling Plaintiff on her cellular phone and work phone.

7. On or about April 27, 2010, Defendant sent Plaintiff a collection letter, a true and correct copy is attached hereto as Exhibit "A".

8. In said April 27, 2010 letter, Defendant threatened that non-payment of the alleged debt would result in a wage garnishment.

9. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

a) Threatening Plaintiff that nonpayment of Plaintiff's debt may result in the arrest of Plaintiff or the seizure, garnishment, attachment or sale of any property or the garnishment or attachment of wages of Plaintiff, where such action was not in fact contemplated by the debt collector and permitted by the law (Cal Civ Code §1788.10(e));

b) Falsely representing or implying that nonpayment of Plaintiff's debt would result in the seizure, garnishment, attachment, or sale of Plaintiff's property or wages, where such action is not lawful or Defendant did not intend to take such action (§1692e(4));

c) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken (§1692e(5));

Complaint - 3

d) Repeatedly contacting Plaintiff at his/her place of employment after being informed that such calls are inconvenient to Plaintiff and violate the policy of Plaintiff's employer (§1692c(a)(1)(3));

e) Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§1692d(5));

f) Failing to disclose the callers individual identity in a telephone call to Plaintiff (§1692d(6));

g) Failing to disclose Defendant's true corporate or business name in a telephone call to Plaintiff (§1692d(6));

h) Failing to notify Plaintiff during the initial communication with Plaintiff that the communication was an attempt to collect a debt and any information obtained would be used for that purpose (§1692e(11)); and

i) Failing to notify Plaintiff during each collection contact that the communication was from a debt collector (§1692e(11)).

10. As a result of the above violations of the FDCPA and RFDCPA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

///

///

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

11. Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the FDCPA;

    B.    Actual damages;

    C.    Statutory damages;

    D.    Costs and reasonable attorney's fees; and,

    E.    For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

12. Plaintiff reincorporates by reference all of the preceding paragraphs.

13. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the RFDCPA;

B. Actual damages;
C. Statutory damages for willful and negligent violations;
D. Costs and reasonable attorney's fees,
E. For such other and further relief as may be just and proper.

### PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 27th day of September, 2010.

By: _____
TODD M. FRIEDMAN (216752)
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
**369 S. Doheny Dr. #415**
**Beverly Hills, CA 90211**
**Phone: 877 206-4741**
**Fax: 866 633-0228**
**tfriedman@attorneysforconsumers.com**
**Attorney for Plaintiff**

# Exhibit "A"



**GC Services**

April 27, 2010

## NOTICE PRIOR TO WAGE WITHHOLDING

You are given notice that, <<National Student Loan Program (NSLP)>>, pursuant to federal law (Public Law 102-164, as amended by Public Law 109-171; 20 U.S.C. § 1095a et seq.), will order your employer to immediately withhold money from your pay (a process known as "wage garnishment") for payment of your defaulted student loan(s), unless you take the action set forth in this Notice.

**Debtor:**
MACE, KELLI A
249 15TH ST
N RICHMOND, CA 94801

CIN #533151586

**Employer:**
KAISER
1950 FRANKIN ST
ATTN PAYROLL
OAKLAND          CA
94612
Total Amount Currently Owed:
*$7971.64
* This amount includes principal, accrued interest and collection costs.

You must establish a written repayment agreement with << National Student Loan Program (NSLP)>> on or before 04-26-10. Otherwise, <<National Student Loan Program (NSLP)>> will proceed to collect this debt through deductions from your pay. Unless you act by 04-26-10, your employer will be ordered to deduct from your pay an amount equal to no more than fifteen percent (15%) of your disposable pay for each pay period, or the amount permitted by 15 U.S.C. 1673, (unless you give <<National Student Loan Program (NSLP)>> written consent to deduct a greater amount) to repay your student loan(s) held by <<National Student Loan Program (NSLP)>>. Disposable pay includes pay remaining after all deductions required by law have been withheld (such as social security and federal and state income taxes). Your employer will be ordered to deduct this amount no later than the first pay period which occurs after the date on which the Order of Withholding is issued to your employer, and will be ordered to deduct this amount each time you are paid, until your debt is paid in full. This is an attempt to collect a debt. Any information obtained from you will be used for that purpose.

**You have the following rights regarding this action:**

■ You have an opportunity to inspect and/or request copies of << National Student Loan Program (NSLP)>> records relating to your debt. Basic information about your debt will be provided free of charge along with our response to your hearing request. All requests for documentation must be in writing. Telephone requests will not be honored. *Please note that a request for documents, by itself, will not prevent garnishment of your wages.*

■ You have the opportunity to avoid wage garnishment by immediately remitting the balance in full or by entering into a written repayment agreement with <<National Student Loan Program (NSLP)>> to establish a satisfactory schedule for the repayment of this debt. To obtain information on entering into a repayment agreement, call <<1-877-551-9750>> and ask for the <<Wage Garnishment Unit>>.

■ You have the right to object to the proposed garnishment, and you have an opportunity for a hearing on your objection. You may raise as objections: *(1.)* the existence of the debt; *(2.)* the amount of the debt; or *(3.)* that making installment payments in amounts equal to 15% of your disposable pay, or having payments in that amount withheld from your disposable pay would constitute an extreme financial hardship.
NS-123687

GC Services Limited Partnership
4777 Hilton Corporate Drive•Columbus, Ohio 43232•1-866-785-0608•fax 1-877-319-1777


**GC Services**

April 27, 2010

- An employer may not discharge you, refuse to employ you, or take disciplinary action against you as a result of this proposed action or the existence of an Order for Withholding. If an employer takes any of these actions, you may sue that employer in a state or federal court for reinstatement, back pay, attorney's fees, and punitive damages.

- If you document that you have been involuntarily separated from employment, <<National Student Loan Program (NSLP)>> will not garnish your wages until you have been re-employed continuously for twelve (12) months. If you wish to claim this exemption from wage garnishment, you need to complete part II of the enclosed "Request for Hearing" form and send us written proof that you qualify for the exemption by **04-26-10**. Satisfactory written proof is the following: documents from the <<>> Employment Commission (or a similar agency in another state) indicating your entitlement to unemployment compensation, and a statement from your present employer indicating the date you began work at your present job. If you are not covered under a State's unemployment program (even if involuntarily separated from employment), you must provide a statement to that effect from the state unemployment agency. Failure to provide written proof may result in your claim of exemption being rejected as unsubstantiated.

<u>How to request a hearing:</u>

- Complete the enclosed form and return it to << National Student Loan Program (NSLP)>> by **04-26-10**. Mail your Hearing Request to: << *P. O. Box 32500, Columbus, Ohio 43232-0500*>>. Please write "Wage Garnishment Appeal Enclosed" on the envelope. Unless you specifically request an in-person or telephone hearing, the hearing will be a review of your written statement on the enclosed "Request for Hearing" form and all relevant documents. We will advise you when, where, and how your hearing will be held.

- <<National Student Loan Program (NSLP)>> must receive your written request for a hearing by **04-26-10** in order to prevent a Withholding Order from being issued to your employer. If you miss this deadline, you will still receive a hearing, but the hearing will not take place prior to the issuance of a Withholding Order to your employer. You must make your request for a hearing *in writing*. Telephone requests will not be honored.

<u>Your hearing may take place in one of three ways:</u>

- In *writing:* An independent hearing officer will review your written statement and any supporting documentation and decide whether or not your debt is subject to wage withholding, and the amount of that withholding;

- By *telephone:* A conference call will be set up between you, *GC Services* and the hearing officer; or

- In *person:* If you request a hearing in person, it will be heard at: <<Dallas, TX>>, and you must pay your own expenses to appear at this hearing.

NS-123687

GC Services Limited Partnership
4777 Hilton Corporate Drive•Columbus, Ohio 43232•1-866-785-0608•fax 1-877-319-1777



**GC Services**

April 27, 2010

# REQUEST FOR HEARING OR EXEMPTION

_____       _____
Name (last, first, m.i.)          Social Security Number

                                  (___)_____
_____       Home Phone #
Address                           (___)_____
_____       Work Phone #
City, State, Zip

## INSTRUCTIONS

Use this form to request a hearing if you object to wage withholding. Complete all parts that apply, and return the completed form and all required documentation to the address given following **PART III**. Be sure that *your name and social security number* appear on all documents and sheets of paper you submit with this form.

**PART I. REQUEST FOR HEARING.** (Check ONLY ONE of the following, then complete Parts II and III of this form.)

[ ] I want a hearing based on my *written statement* and the records in my loan file.

[ ] I want a hearing by *telephone.* (Provide a telephone number where you can be reached during the day):
    (___)_____

[ ] I want an *in-person* hearing at (fill in location of hearing). (I understand that I must pay my own expenses to appear at this hearing.)

**PART II. REASONS WHY YOU OBJECT TO GARNISHMENT.** CHECK one or more reasons that apply. Explain any further facts concerning your objection on a separate sheet of paper. You have the burden of proving any claims raised by your objection(s). The hearing on your objection(s) will be conducted based on the information on this form, any documentation you provide, and the documentation maintained by (fill in name of guaranty agency). Please note that failure to provide written proof of your objection(s) may result in a hearing official issuing a decision to deny your objection(s) as unsubstantiated.

**If your request is for a hearing on an objection (other than extreme financial hardship) that you raised previously, please include the new evidence not presented at the initial garnishment hearing that would justify a reconsideration of your objection.**

NS-123687



**GC Services**

April 27, 2010

[ ] I was involuntarily separated from employment and have not been reemployed continuously for twelve (12) months. (If you are covered under a State's unemployment program, you should submit this form along with documents from your state Employment Commission (or a similar agency in another state) indicating your entitlement to unemployment compensation, and a statement from your present employer indicating the date you began work at your present job. If you are not covered under a State's unemployment program (even if involuntarily separated from employment), you must provide a statement to that effect from the state unemployment agency.) Please note that failure to provide written proof may result in a decision by the hearing official to deny your objection.

My *previous* employer was: _____

_____
Address                          City                State       Zip

Phone #: (   ) _____   Date of Separation: _____

My *present* employer is: _____

_____
Address                          City                State       Zip

Phone #: (   ) _____   Date Hired: _____

[ ] I do not owe the full amount shown because I repaid some or all of this loan. (Enclose copies of the front and back of all checks, money orders, and any receipts showing payments made to the holder of the loan.)

[ ] I am making payments on this loan as required under the repayment agreement I reached with the holder of the loan. (Enclose copies of the repayment agreement and copies of the front and back of checks where you paid on the agreement.)

[ ] Garnishment of 15% of my disposable pay would result in an extreme financial hardship. (You will be mailed financial disclosure forms that you should complete and return to support your claim, along with copies of all documentation required to support your claims on those forms.) The hearing official will make a determination of the amounts you should pay based on a review of the financial disclosure forms and any documentation you submit.

[ ] I filed for bankruptcy and my case is still open. (Enclose copies of any document from the court that shows the date that you filed, the name of the court, and your case number.)

[ ] This loan was discharged in bankruptcy. (Enclose copies of loan discharge order and the schedule of debts filed with the court.)

NS-123687



**GC Services**

April 27, 2010

[ ] The borrower has died. (Enclose copy of borrower's Death Certificate.)

[ ] I am totally and permanently disabled (unable to work and earn money because of an impairment that is expected to continue indefinitely or result in death). I request an application for discharge of my loan for this reason.

[ ] I used this loan to enroll in _____(name of school) on or about ____/____/____, and could not complete my educational program because the school closed while I was enrolled or not later than 90 days after I withdrew. I request an application for discharge of my loan for this reason.

[ ] I did not have a High School Diploma or GED when I enrolled at the school I attended when receiving this loan, and I believe the school did not properly test my ability to benefit from the program. I request an application for discharge of my loan for this reason.

[ ] When I borrowed this loan to attend _____(name of school), I had a condition (physical, mental, age, criminal record) that prevented me from meeting state requirements for performing the occupation for which I received training at the school. I request an application for discharge of my loan for this reason.

[ ] I believe that a representative of _____(name of school) signed my name without permission on the loan application, promissory note, loan check(s), or authorization for my loan to be disbursed by electronic funds transfer or master check. I request an application for discharge of my loan for this reason.

[ ] This is not my Social Security Number, and I do not owe this loan. (Enclose a copy of your driver's license or other identification issued by a federal, state, or local government agency, and a copy of your Social Security Card.)
[ ] I believe that this loan is not an enforceable debt in the amount stated for the reasons explained in the attached letter. (Attach a letter with any supporting documentation explaining any reason not listed above, including, for example, that the loan was obtained by another person through the crime of theft of your identity, for your objection to collection of this loan amount by garnishment of your salary.)

**PART III. I SWEAR under penalty of perjury that the statements I have made on this request are true and accurate to the best of my knowledge.**

DATE: _____
SIGNATURE: _____

PRINTED NAME: _____
SOCIAL SECURITY NUMBER: _____

**RETURN THIS FORM TO:**
    Attention: GC Services
    P. O. Box 32500
    Columbus, Ohio 43232-0500

NS-123687

# PRIVACY ACT NOTICE

The Privacy Act of 1974 (5 U.S.C. 552a) requires that an agency provide the following notice to each individual whom it asks to supply information:

1. The authority for collecting the requested information is 4 C.F.R. Section 101.

2. The principal purpose and routine use of the information is to evaluate your ability to pay the government's claim.

3. Disclosure of the information is voluntary; failure to disclose will result in demand for payment in full.

4. Section 7(a)(2) provides that an agency may continue to require disclosure of an individual's social security number (SSN) as a condition for the granting of a right, benefit, or privilege provided by law where the agency required this disclosure under statute or regulation prior to January 1, 1975, in order to verify the identity of an individual.

*WARNING:* Title 18, Sec. 1001 U.S. Code: "whoever ... knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or devise a material fact, or makes any false, fictitious or fraudulent statements or representations . ., shall be fined not more than $10,000.00, or imprisoned not more than five years, or both".